Asa Judd v. William H. Burton.

*Bill of particulars—Presumption of estoppel.*

A bill of particulars, in an action for wages on a labor contract, cannot cover money returned by plaintiff to defendant, as a loan, after receiving it as payment.

One who obtains a payment from his employer on the representation that it is a settlement in full, is presumptively bound by the representation, though not conclusively.

Error to Wayne. (Speed, J.) June 6.—June 20.

Assumpsit. Defendant brings error. Reversed.

*Charles F. Burton* for appellant.

*Moore & Moore* for appellee.

Campbell, J. Plaintiff sued defendant for arrears of salary as manager of a yeast factory. The special count set up a contract running from January 1, 1876, to May 11, 1878, and an employment for some months thereafter; and there were added the common counts also. A bill of particulars being demanded, it was given in a general way, as including over ten thousand dollars for services from October 30, 1871, to January 1, 1876, and between three and four thousand dollars from January 1, 1876, to May 11, 1878.

It appeared that plaintiff, a part of the time with one son and a part of the time with another, had been employed under distinct contracts covering the time specified. He claimed on the trial a balance of $240 due on the contract running from 1870 to 1876, and of $200 under the contract from 1876 to 1878. He admitted full payment of his later services.

Under the course of business, the payments from month to month or otherwise were made to plaintiff generally by

one of the sons, or if away from Detroit by a Canadian manager. Under the contract of January, 1876, it was expressly provided as a duty laid on the Judds, who bound themselves jointly to make monthly reports, showing deficiencies if the monthly receipts were short of expenses and outlays, and remitting all balances over such outlays. And Burton was monthly to send remittances for any such deficiency. This put the Judds under an obligation to keep defendant fully informed concerning their own claims as well as concerning other matters. And this monthly settlement was made obligatory for the purpose of keeping the business constantly closed up each month.

On the 11th of May, 1878, while the second contract, as originally drawn, was in force, and to run for some time longer, a written arrangement was made whereby it was terminated and full satisfaction acknowledged except as to plaintiff, who was therein referred to as claiming about $200 on wages, which was not determined. In the fall of 1878 plaintiff went to the state of New York, where defendant lived, and stated to him that there had been found due on a settlement with defendant's son and agent the sum of $169, on which he had received $40; and upon this claim defendant paid him the balance. Defendant claims this was represented to him as a settlement in full. Plaintiff claims that it did not include anything but the pay for his then recent services.

The claim of a balance of $240 on the first contract was explained by testimony that after plaintiff had been paid in full, defendant desired for a temporary business purpose to use this money, and it was handed to him on an agreement to look over the matter, and pay it up again—all that was due.

The court charged the jury that if this was the fact, they might regard it as if no payment had been made.

We think this was erroneous. At most it was no more nor less than a loan of money to defendant to be settled in subsequent dealings. It was therefore not within the bill of particulars, and defendant could not be expected to

be prepared with testimony to meet it. Under the methods of doing business adopted by these parties it is difficult to understand how any such transaction could remain open when plaintiff was drawing money constantly from the business of which he was bound to render full monthly settlements. But it could not in our opinion be treated as undoing the complete and final payment of the amount due under the first contract.

We think also that the court failed to charge fully upon the effect of the settlement of October, 1878, upon the theory sustained by defendant's testimony that it was represented to him as a settlement in full of all accounts. If plaintiff obtained money from defendant on any such representation he would be presumptively bound by the representation. Whether it would be conclusive or not might perhaps depend on circumstances. But it was misleading to tell the jury that the settlement actually made in Detroit was to govern.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.